

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Coke R. Stevenson, Jr.
County Attorney
Kimble County
Junction, Texas

Dear Sir:

Opinion No. O-3317
Re: Are persons engaged in pro-
ducing wood and cedar posts
from the timber on land
which they own and which
they lease entitled to a
farm license on their trucks
which haul their such com-
modity to market?

We are in receipt of your letter of March 19,
1941, in which you request the opinion of this department
on the question contained therein as follows:

"I refer you to Section 5a of House Bill
336 passed at the regular session of the Forty
Second Legislature providing for registration
of a Commercial Farm Truck. In our community
there are those who are engaged in producing
wood and cedar posts from the timber on their
own ranches and also on ranches leased for such
purposes, which I would like to have a ruling
from your department showing whether or not such
persons are entitled to a Farm License on their
trucks when engaging in the business of hauling
their own wood and posts to market."

On April 10, 1941, Senate Bill No. 43 of the 47th
Legislature became a law of this state. Section 4 of said
Bill provides as follows:

"Sec. 4. Amend Acts 1929, 41st Legislature,
Second Called Session, page 172, Chapter 88,
Section 6a, as added Acts 1933, 43rd Legislature,
First Called Session, page 82, Chapter 27, Sec-
tion 1, as amended Acts 1934, 43rd Legislature,
Third Called Session, page 75, Chapter 56,

Hon. Coke R. Stevenson, Jr., Page 2


Section 1, so as to hereafter read as follows:

"'<u>Section 6a.</u> When a commercial motor ve-
hicle sought to be registered and used by the
owner thereof only in the transportation of his
own poultry, dairy, livestock, livestock products,
timber in its natural state, and farm products to
market, or to other points for sale or processing,
or the transportation by the owner thereof of
laborers from their place of residence, and mater-
ials, tools, equipment and supplies, without charge,
from the place of purchase or storage, to his own
farm or ranch, exclusively for his own use, or use
on such farm or ranch, the registration license
fee, for the weight classifications herein men-
tioned, shall be fifty (50%) per cent of the regis-
tration <u>fee prescribed</u> for weight classifications in
Section 6 of the Act hereby amended, as amended in
this Act; provided further, that it shall be the
duty of the Highway Commission to provide license
plates distinguishable from license plates used for
other commercial motor vehicles using the highways;
provided further, if the owner of any commercial
motor vehicle, coming within the provisions of this
Act, shall use or permit to be used any such ve-
hicle for any other purpose than those provided for
in this Act, he shall be guilty of a misdemeanor,
and upon conviction, shall be fined in any sum not
less than Twenty-five ($25.00) Dollars nor more
than Two Hundred ($200.00) Dollars, and each use
of such vehicle and each permission for such use
of such vehicle shall constitute a separate offense;
provided, however, that all commercial motor vehi-
les, truck tractors, road tractors, trailers and
semi-trailers as defined in Section 1 of Chapter
23 of the General Laws of the Fifth Called Session
of the 41st Legislature, not coming within the
provisions of this Act shall be required to pay all
registration and license fees prescribed by the
other provisions of Chapter 88, General Laws of the
41st Legislature, Second Called Session as amended
by this Act.'"

In the above enactment the legislature included,
for the first time, the classification of "timber in its
natural state". Unquestionably cedar posts would come within

Hon. Coke R. Stevenson, Jr., Page 3

this legislative classification. Therefore an individual may in our opinion, operate a vehicle with a farm license thereon as provided in Section 6a, supra, and haul cedar posts out off of land that said individual owns.

Your attention, however, is called to Opinion No. 0-3201 of this department. In that opinion we were concerned with a fact situation where an individual used a truck not only to haul his own cattle from his own ranch but also to haul cattle which he purchased from others to market. In answer to the question of whether or not Article 6675a-6a authorized such individual to so operate with only a farm license on his motor vehicle this department ruled as follows:

"In both of the cases you submit in your first two questions the individual is not using a 'commercial motor vehicle' (as defined by the Legislature) only in the transportation of his own poultry, dairy livestock and farm products to market. He is using same for the transportation of products that he purchases from others also. It is apparent that the individual in either case you outline should not be entitled to the reduced license fee as prescribed in the above quoted Article.

"In line with the above reasoning this department ruled in Opinion No. 0-527 as follows:

"'We are of the opinion, therefore, that the benefits of the Article accrue only to a person who transports his own products to market or other points for sale or processing, and is not for the benefit of a person, as indicated in your inquiry that would be transporting products purchased from another farmer * * *.'

"It is the opinion of this department, therefore, that the individuals mentioned in your questions one and two would not be entitled to the 50% reduction on farm truck licenses as defined in Article 6675a-6a, supra."

We believe that the individual who leases a ranch for the purpose of cutting the timber therefrom or one who

purchases the timber under a straight contract of sale without leasing the land would be in the same position as the cattle trader who purchases cattle from others and hauls same to market. It is the opinion of this department therefore that the individual who purchases timber from others or who leases land for the sole purpose of removing timber therefrom would not be entitled to the "farm license" provided for in Article 6675a-6a, supra. We are additionally influenced to such conclusion by the fact that our Opinion No. O-3201, supra, was written prior to the enactment of said Senate Bill No. 43 and the legislature readopted the phraseology "his own poultry, etc." that appeared in the Act prior to its amendment.

We trust that the foregoing fully answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_
Billy Goldberg
Assistant

BG:lh

APPROVED APR 30, 1941

_Glenn R. Lewis_

ACTING ATTORNEY GENERAL OF TEXAS

